UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy Lee Duncan, Jr., #290546, a/k/a Jimmy L. Duncan, | ) ) ) | C/A No. 8:10-827-MBS-BHH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Warden of Ridgeland Correctional Institution, | ) ) ) | |
| Respondent. | ) ) | |

The petitioner, Jimmy Lee Duncan, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner apparently seeks to have his state convictions and sentences entered on January 14, 2010, vacated and to be released from prison.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Discussion

In this action, Petitioner raises several grounds for relief: subject matter jurisdiction; ineffective assistance of counsel; cruel and unusual punishment; and "Ex-post facto, Double Jeopardy, excessive sentence on unrelated probationary sentence now serving, and Brady's disclosure on contraband offense." From a review of the entire petition, it

2

appears that Petitioner has *not* filed a post-conviction relief ("PCR") action in the Colleton County Court of Common Pleas or in any other state court. Thus, this petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state remedies. With respect to his convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and/or a writ of habeas corpus under 28 U.S.C. § 2254, both of which can be sought only after Petitioner has exhausted his state court remedies.[2] *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241). In his petition, Petitioner stated that on January 14, 2010, in the Colleton County Court of General Sessions he was convicted by guilty plea of "drug offense," convicted by a jury of "weapon contraband offense," and that his probation was revoked. (Pet. at p.1-2) Petitioner stated that he received the following sentence: "time served" on the "drug offense," "three years four months credit time served" on the "weapon contraband offense," and "eighteen months" on the "probationary revocation order." (Pet. at p.1) Petitioner explained that he did *not* file a direct criminal appeal because, although he instructed his attorney to do so, the attorney

---

2) Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

did not file an appeal. (Pet. at p.2) It appears that his attorney may have filed a "motion to dismiss and motion for new trial" on January 14, 2010. (Pet. at p.3)

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner can file an application for post-conviction relief in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's application for post-conviction relief is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion). Since Petitioner's convictions and sentencing occurred on January 14, 2010, it appears that Petitioner may still timely file a post-conviction relief action in the Colleton County Court of Common Pleas and raise his grounds for relief in the state PCR case. *See* S.C. Code Ann. § 17-27-45(A) (1976) (a post-conviction relief application must be filed within one year after the entry of

a judgment of conviction). In other words, at this point there does not appear to be the absence of available state corrective process. See Title 28 U.S.C. § 2254(b)(1)(B). The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[3] See *Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

### Recommendation

This court recommends that the above-captioned case should be dismissed *without prejudice* and *without requiring the respondent to file a return* because Petitioner has not yet exhausted his state court remedies. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

                                                             s/Bruce Howe Hendricks
                                                             United States Magistrate Judge

April 14, 2010
Greenville, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

---

3) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).