IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jimmy Lee Duncan, #290546, a/k/a Jimmy )
L. Duncan, )
 )
              Petitioner, )
 )
        vs. )
 )
Warden of Ridgeland Correctional )
Institution, )
 )
              Respondent. )
                                                 )

C.A. No. 8:10-827

**ORDER AND OPINION**

Petitioner Jimmy Lee Duncan is an inmate who is currently housed at the Ridgeland Correctional Institution. On April 6, 2010, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence entered on January 14, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On April 14, 2010, Petitioner was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be dismissed without prejudice and without requiring Respondent to file a return for failure to exhaust state court remedies. On May 3, 2010, Petitioner filed objections to the Report and Recommendation.

**BACKGROUND**

Petitioner alleges in his complaint that on January 14, 2010, he pleaded guilty to a "drug offense," was convicted by a jury of a "weapon contraband offense," and that his probation was revoked. Compl. at 2. Petitioner states that he was sentenced to: 1) time served on the drug offense; 2) "three years four months credit" on the weapon contraband offense; and 3) eighteen months on

the probationary revocation order. Compl. at 1. Petitioner indicates that a direct appeal was not filed even though Petitioner directed his attorney to file an appeal. Petitioner also indicates that on January 14, 2010, his attorney filed a "motion to dismiss & motion for new trial." Compl. at 3. Petitioner's stated grounds for relief are: subject matter jurisdiction; ineffective assistance of counsel; cruel and unusual punishment; and "Ex-post facto, Double Jeopardy, excessive sentence on unrelated probationary sentence now serving, and Brady's disclosure on contraband offense." Compl. at 10.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report of Magistrate Judge to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Petitioner objects to the Magistrate Judge's Report and Recommendation, arguing that he should not be required to exhaust his state court remedies because his failure to file a direct appeal was the fault of his counsel. Petitioner also argues that he need not exhaust his state court remedies because he has a constitutional right to petition the government for redress of grievances, and to be free of arbitrary governmental actions. Petitioner also appears to argue that exhaustion of his state court remedies would be useless. The court disagrees.

The habeas corpus statute requires that state remedies be exhausted before a federal court may grant habeas corpus relief to a state prisoner. *Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir.

1977). Title 28 United States Code Section 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). The exhaustion requirement is based upon the notion that states "should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A prisoner may attack a state court conviction by filing a direct appeal and/or by filing an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq. See Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977) (holding that South Carolina prisoners whose cases have not been reviewed on direct appeal must pursue post-conviction relief before applying for habeas corpus relief); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977).

The court, having carefully reviewed the record, concurs with the Magistrate Judge that Petitioner has not yet exhausted his state court remedies because he has not sought post-conviction relief in the state courts. *See* S.C. Code Ann. § 17-27-45(a) (providing that applications for post-conviction relief "must be filed within one year after the entry of a judgment of conviction"). Moreover, Petitioner's claim that the exhaustion requirement violates his right to petition the government for redress of grievances is without merit. The exhaustion requirement does not prevent Petitioner from accessing the courts, "but merely creates a condition precedent to his filing suit." *See Harris v. Hall*, Civil Action No. CV506-068, 2007 WL 2986405, at *1 (S.D. Ga. Oct. 9, 2007).

## CONCLUSION

The within petition for writ of habeas corpus is **dismissed without prejudice**. The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner is granted leave to re-file his § 2254 petition with the court after he has exhausted his state court remedies. The court denies Petitioner a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

June 11, 2010
Columbia, South Carolina